UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH CEPELLO, ) | Case No.: 12-CV-00093-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION FOR |
| v. ) | LEAVE TO AMEND |
| ) | |
| HOME DEPOT U.S.A., INC., and DOES 1-100, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the Court is Plaintiff's motion for leave to file a Second Amended Complaint. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considering the parties' submissions and the relevant law, the Court GRANTS Plaintiff's motion for leave to amend. Accordingly, the hearing scheduled for December 13, 2012, is hereby VACATED. The case management conference set for December 13, 2012 is hereby CONTINUED to March 27, 2013 at 2:00 p.m.

**I.  Background**

On October 20, 2011, Plaintiff Kenneth Cepello ("Plaintiff" or "Cepello"), through his counsel, filed a Complaint against Home Depot U.S.A., Inc. ("Home Depot") and Does 1 through 100 in the California Superior Court, County of Monterey. ECF No. 1-2. Plaintiff then filed his First Amended Complaint ("FAC") on October 31, 2011. ECF No. 1-4. Home Depot removed this

1

Case No.: 12-CV-00093-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND

1   action to the United States District Court for the Northern District of California, pursuant to 28
2   U.S.C. §§ 1332 and 1441(b), on January 5, 2012.  ECF No. 1.

3   On August 24, 2012, Plaintiff moved for leave to file a Second Amended Complaint.  *See*
4   Notice of Mot. and Mot. for Leave of Court for Pl. to File an Amended Compl. ("Pl's Mot."), ECF
5   No. 15.  This motion is currently before the Court.  Based on newly discovered evidence, Plaintiff
6   seeks leave to amend in order to add an additional cause of action for a violation of Section 6310 of
7   the California Labor Code.  Pl.'s Mot. at 1.  Home Depot did not file an opposition.  Further, in the
8   Joint Case Management Statement filed on December 6, 2012, Home Depot stated that, "[a]fter
9   reviewing the moving papers and the proposed amended complaint, Home Depot will not oppose
10  this motion."  ECF No. 20.

**II.     Analysis**

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it.  Fed. R. Civ. Pro. 15(a)(1).  After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court.  *Id.* 15(a)(2).  Rule 15 instructs that "[t]he court should freely give leave when justice so requires."  *Id.*  Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted).  Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  Of these factors, prejudice to the opposing party is the most important.  *Jackson*, 902 F.2d at 1387.  In addition, a court may also consider whether the plaintiff has previously amended his complaint.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987).  Where a court has already provided the plaintiff one or more opportunities to amend his complaint, its discretion over further amendments is particularly broad.  *Id.*

The Court finds that granting leave to amend is appropriate in this case.  Though Cepello has amended his complaint once already, there is no allegation of bad faith.  Further, granting leave

to amend will not prejudice Home Depot. Home Depot has not opposed this motion, and trial is set for November 4, 2013, almost a year away, which leaves more than sufficient time to investigate and respond to Cepello's new claim. Finally, there is no reason to believe that amending the motion will prove futile, as Cepello seeks to add a recognized cause of action under the California Labor Code. Accordingly, Cepello's motion for leave to file a Second Amended Complaint is GRANTED.

### III.   Conclusion

For the reasons discussed above, the Court GRANTS Plaintiff's motion for leave to file the proposed Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: December 11, 2012

_____
LUCY H. KOH
United States District Judge

3
Case No.: 12-CV-00093-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND