MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone (209) 477-3833
NICHOLAS J. SCARDIGLI
CA State Bar No. 249947
ROBERT J. WASSERMAN
State Bar No. 258538

Attorneys for Plaintiff, Kenneth Cepello

Michael J. Sexton CA Bar No. 153435
michael.sexton@ogletreedeakins.com
James T. Conley CA Bar No. 224174
james.conley@ogletreedeakins.com
Patricia A. Matias CA Bar No. 254125
patricia.matias@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:     714.800.7900
Facsimile:     714.754.1298

Attorneys for Defendant HOME DEPOT U.S.A., INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CEPELLO,<br><br>    Plaintiff,<br><br>vs.<br><br>**HOME DEPOT U.S.A., INC. and DOES 1-100 inclusive,**<br><br>    **Defendants.** | Case No.:  CV 12-00093 LHK<br><br>**STIPULATED PROTECTIVE ORDER** |

///

///

///

///

Stipulated Protective Order
Page 1 of 5

In order to preserve and maintain the confidentiality of documents consisting of or related to proprietary information of Home Depot or to privacy rights of past and current employees of Home Depot, counsel for Defendants Home Depot and counsel for Plaintiff Kenneth Cepello agree and stipulate to the following. (The Plaintiff and the Defendants are individually referred to as either the "Receiving Party" or the "Designating Party," and collectively referred to as the "Parties.")

1. This Stipulated Protective Order governs the production and handling of documents that refer, relate to, or disclose information that is private and personal or confidential and proprietary, and which may include personnel records, personnel policies, employment offers, trade secrets, competitive analyses, income statements, client or customer information, and financial records and statements, along with other proprietary or confidential information, and which have been or are, at any time, produced by the Parties in this litigation ("Covered Documents).

2. Designation of a document as confidential shall be made by stamping or writing "CONFIDENTIAL" on the document(s). Alternatively, the parties may designate documents as confidential by producing the documents with a letter designating documents by Bates number as "CONFIDENTIAL." The Parties shall make every effort to designate documents as confidential only documents that contain information protected as confidential under California law. Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party, but only if the entire document is produced in bound or otherwise intact manner.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

3. Designation of a deposition or other pretrial testimony, or portions thereof, as Confidential shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time such testimony is given. The Parties shall instruct the court reporter to segregate such portions of the deposition, including exhibits, in a separate

1. transcript designated as "CONFIDENTIAL." Portions of such deposition transcripts and exhibits shall be clearly marked as "CONFIDENTIAL" on the cover or on each page, as appropriate.

4. The Parties shall comply with the procedures set forth Civil Local Rule 79-5 and General Order 62. Covered Documents may only be filed under seal pursuant to a court order authorizing the sealing of the specific Covered Documents at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Covered Document at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If the Receiving Party seeks to file Covered Documents in connection with any motion, pleading, or other action before the Court, he shall notify the Designating Party of the same not less than seven (7) days before the date upon which the Covered Documents are to be filed. If the Designating Party seeks to have the Covered Documents at issue filed under seal, it shall be the Designating Party's responsibility to request a court order authorizing the sealing of the specific Covered Documents at issue. If the Designating Party fails to request a court order authorizing the sealing of the specific Covered Documents at issue or if the Designating Party's request to file Covered Documents under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record.

5. Any party that wishes to challenge the designation of a document or other information as "CONFIDENTIAL" may, for good cause, bring a motion before the Court requesting that the Court deny the designation. The Parties shall attempt to resolve any such disagreements before submitting them to the Court. Pending resolution of any dispute concerning the designation of any document or information as "CONFIDENTIAL", all Parties and persons governed by this Protective Order shall treat the documents and information as if protected from further disclosure by this Protective Order.

///

///

///

6. Covered Documents shall not, without leave of court, be communicated in any way to anyone other than this Court, the Parties in this action and their counsel, paralegals and secretaries, except as provided herein. Each Party in this action and its counsel shall be advised of, and bound by, the terms of this Order.

7. The Parties and their counsel agree that counsel may utilize Covered Documents at deposition, in motions, and at trial.  Counsel may also provide Covered Documents to experts, investigators, and/or consultants who agree to the terms of this Order.  No deponent shall be permitted to leave a deposition with any Covered Documents.  Any deponent not bound by this agreement shall review their transcript at the reporter's office and will not be allowed to leave the reporter's office with a copy of the CONFIDENTIAL portions of their transcript.  Experts, investigators and/or consultants must be advised of the terms of this Order and agree to return any Covered Documents provided to them at the conclusion of this case.

8. Communication of the contents of Covered Documents to persons who are assisting counsel in the preparation and trial of this action, and to persons who may be called upon to testify in the action with respect to the documents or information contained therein, shall be permitted, provided that, before obtaining access to such documents or information, each such person shall be advised that the matters in those documents should not be discussed outside the context of the action.

9. All Confidential Information shall be used only in the litigation of the lawsuit entitled *Cepello v. Home Depot U.S.A., Inc. et al.*, in the United States District Court of the Northern District of California, Case No. CV 12-00093-LHK, and in no other action, be it civil or administrative, or for any improper purpose.  The Parties and their counsel agree that Covered Documents will be returned to the Party that produced them at the end of this litigation unless the Parties otherwise agree on their further handling or destruction.

/ / /

/ / /

/ / /

**IT IS SO STIPULATED:**

Dated: December 19, 2012        **MAYALL HURLEY P.C.**

By      /s/ Robert J. Wasserman
NICHOLAS J. SCARDIGLI
ROBERT J. WASSERMAN
Attorneys for Plaintiff
KENNETH CEPELLO

Dated: December 19, 2012        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By      /s/ James T. Conley
MICHAEL SEXTON
JAMES T. CONLEY
PATRICIA M. MATIAS
Attorneys for Defendants
HOME DEPOT

### ORDER

The Court, having reviewed the foregoing Stipulation of the Parties and good cause appearing therefor, hereby ORDERS that the production and use of Covered Documents in this litigation shall conform to the foregoing stipulated Protective Order.

Dated: December 28, 2012

*/s/ Lucy H. Koh*
HONORABLE LUCY H. KOH
JUDGE OF THE UNITED STATES DISTRICT COURT

Stipulated Protective Order
Page 5 of 5

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, SAN JOAQUIN COUNTY

    I am a citizen of the United States. My business address is 2453 Grand Canal Boulevard, Second Floor, Stockton, California 95207. I am employed in the County of San Joaquin. I am over the age of 18 years and not a party to the within cause. On the date set forth below, I served the document(s) described as:

**STIPULATED PROTECTIVE ORDER**

With the Clerk of the United States District Court of Northern District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| James T. Conley<br>Patricia Matias<br>Ogletree, Deakins, Nash, Smoak & Stewart<br>695 Town Center Drive, Suite 1500<br>Costa Mesa, CA  92626<br>714-800-7900<br>714-754-1298 – fax | Attorneys for Defendant,<br>HOME DEPOT, USA |

[ X ] (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 19, 2012, at Stockton, California.

                                    /s/ Lindsay Zoetewey
                                    LINDSAY ZOETEWEY